Kavanaugh, Circuit Judge, dissenting:
Under the National Labor Relations Act, an "employer" must bargain with the union that represents its employees. 29 U.S.C. § 158(a). This case involves two small businesses on Long Island named Island and Verde. Both companies made partitions for offices. The first company (Island) had a collective bargaining agreement with a union that represented its employees. The second company (Verde) did not have a collective bargaining agreement. But the Board treated the two companies-island and Verde-as one "employer" and ruled that Verde therefore had to afford Verde's employees the same rights that Island's employees had under Island's collective bargaining agreement.
The Board treated Island and Verde as a single employer on the theory that Island and Verde were alter egos. The majority opinion upholds that conclusion. I respectfully dissent.
The relevant legal principles are not in dispute: "Among the factors that enter into a determination of alter ego status are substantial identity of management, business purpose, operation, equipment, customers, supervision and ownership between the old entity and its successor." Fugazy Continental Corp. v. NLRB , 725 F.2d 1416, 1419 (D.C. Cir. 1984). We have added that common ownership in particular "weighs heavily in the alter ego determination." Douglas Foods Corp. v. NRLB , 251 F.3d 1056, 1063 (D.C. Cir. 2001).
Applying those principles here is not hard, as I see it. Island and Verde did not have common ownership. They did not have common management. They did not share employees. They did not mingle funds. Neither company had a financial interest in the other. Each company supervised, hired, fired, and paid the salaries of its own employees.
The administrative law judge who heard the testimony in this case ruled that the companies were not alter egos. The ALJ reached the following factual conclusions, which are worth quoting at length:
[T]he owners of Verde are not the same people who own Island[,] and Verde's ownership includes individuals and businesses that have no familial relationship with Island's owners. In addition, the evidence shows that Island's management does not exercise control over Verde's business operations; that Verde, and not Island, supervises, hires, fires and controls the labor relations of its own employees; that there is no interchange of production employees between the two companies; and that with two exceptions, Verde's production employees were not employed by Island contemporaneously with when Verde commenced its operations. Finally, the *378 evidence shows that when Verde was created and commenced operations, this transaction had virtually no adverse [e]ffect on Island's bargaining unit employees who, despite the expiration of the existing contract, continued to be paid and receive benefits in accordance with the agreement between Island and the Union to continue the collective bargaining agreement. No bargaining Island unit employees were laid off and those who chose to remain employed by Island did not have their pay or existing benefits reduced.
Island Architectural Woodwork, Inc. and Verde Demountable Partitions, Inc. , 364 NLRB No. 73, Slip Op. 13-14 (Decision of Administrative Law Judge) (May 8, 2015). The ALJ further explained that the creation of Verde "has not resulted in any harm to the existing complement of Island's bargaining unit employees. In my opinion, this mitigates against any conclusion that Island had the intent to evade its contractual obligations to its existing complement of employees who were represented by the Union." Id . at 12.
In light of the factual record, the ALJ concluded that Island and Verde were not alter egos. In my view, the ALJ's conclusion was the only reasonable conclusion to reach on this factual record.
The Board nonetheless reversed the ALJ. But the Board's analysis is wholly unpersuasive. To be sure, as the Board noted, Island and Verde made similar products, and Verde operated in a facility that used to be part of Island's operations. The Board also seems to have found something shady in the fact that Verde was started and primarily owned by two daughters of Island's primary owner. But those facts do not remotely support a finding of alter ego status given that the two companies, among other indicia of their separateness, did not have common ownership or common management.
In upholding the Board's decision, the majority opinion relies heavily on our decision in Fugazy . But in that case, we made clear that the one company "retained a substantial financial interest" in the other company's "operations." Fugazy , 725 F.2d at 1420. Here, by contrast, Island did not maintain a substantial financial interest in Verde-or vice versa. Moreover, in Fugazy one company shut down and then re-emerged as a "new" company. See id . at 1418. That is a far cry from what happened with Island and Verde, which maintained separate operations with separate ownership and separate management. Fugazy does not support the result reached by the majority opinion in this case.
In light of the relevant law and facts, the Board's conclusion that Island and Verde were alter egos is not reasonable. I would therefore vacate the Board's decision. I respectfully dissent.